UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Justin Hautau and Andrea Babcock,<br><br>    Plaintiffs,<br>v.<br><br>Goldberg & Donovan Inc.,<br>    Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiffs, Justin Hautau and Andrea Babcock, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of the Plaintiffs' personal privacy by the Defendant and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Justin Hautau and Andrea Babcock ("Plaintiffs"), each are adult individuals residing in Suffern, New York, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Goldberg & Donovan Inc. ("Goldberg"), is a Massachusetts

business entity with an address of 197 Main Street #203, Milford, Massachusetts 01757, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff, Justin Hautau, allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Plaintiff, Andrea Babcock, paid the Creditor on behalf of Hautau.

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Goldberg for collection, or Goldberg was employed by the Creditor to collect the Debt.

10. Goldberg attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Goldberg Engages in Harassment and Abusive Tactics

11. Hautau received a letter from Goldberg dated August 26, 2021 (the "Letter"), in an attempt to collect the Debt.

12. In the Letter, Goldberg stated that Hautau had 30 days to dispute the validity of the Debt.

13. In the Letter, it stated, "Account submitted by: Sunbelt Rentals – Cnsmr Div."

14. Hautau rented equipment from Sunbelt Rentals consumer division to do yard work at the residential property where he lives with Babcock.

15. On or about September 14, 2021, with Hautau's permission, Babcock contacted

Goldberg to obtain additional information regarding the Debt because Babcock had previously paid for the Sunbelt rental in full and did not believe any additional money was owed.

16. During the conversation with Babcock, Goldberg threatened credit bureau reporting if the Debt was not paid by 3:00 pm that day.

17. Such threat overshadowed Plaintiffs' right to dispute the Debt within 30 days.

18. Goldberg's actions caused Plaintiffs a great deal of confusion, stress and anxiety.

## C. **Plaintiffs Suffered Actual Damages**

19. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendant's unlawful conduct.

20. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from anger, anxiety, emotional distress, fear and frustration.

## **COUNT I**

## **VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***

21. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant threatened to communicate false credit information.

25. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant

employed false and deceptive means to collect a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

27. The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant overshadowed Plaintiffs' right to dispute the Debt within thirty days.

28. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF NEW YORK GBL § 349
### ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

30. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

31. The acts, practices and conduct engaged in by the Defendant and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

32. The Defendant willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

33. The Plaintiffs have suffered and continue to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendant.

34. By virtue of the foregoing, the Plaintiffs are entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully pray that judgment be awarded in the Plaintiffs' favor and against the Defendant as follows:

1. Against the named Defendant, jointly and severally, awarding the Plaintiffs actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendant, awarding the Plaintiffs statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendant, jointly and severally, awarding the Plaintiffs actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named Defendant, jointly and severally, awarding the Plaintiffs recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named Defendant, jointly and severally, awarding the Plaintiffs punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiffs such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 4, 2022

        Respectfully submitted,

        By */s/ Sergei Lemberg*

        Sergei Lemberg, Esq. (SL 6331)
        LEMBERG LAW, L.L.C.
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        Attorneys for Plaintiff